# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : No. 3:07cr128 |
| | : |
| | : **(Judge Munley)** |
| **v.** | : |
| | : |
| **ERIC T. JONES,** | : |
| **SHAMAR ANTHONY TAFFEE,** | : |
| **MIGUEL A. ABREU,** | : |
| **FREDDY RAFAEL ALAVARADO,** | : |
| **STEPHEN LUNDY, and** | : |
| **KEVONNE COOPER,** | : |
| **Defendants** | : |

## MEMORANDUM

Before the court are Defendant Freddy Rafael Alvarado's pre-trial motions (Docs. 47-52). Having been fully briefed, the matters are ripe for disposition.

**Background**

A grand jury in Scranton, Pennsylvania indicted the defendants on March 28, 2007 on charges of carjakcing in violation of 18 U.S.C. § 2119. (See Indictment (Doc. 1)). The grand jury found probable cause to believe that all of the defendants on February 3, 2003 acted "with the intent to cause death and serious bodily injury, did cause serious bodily injury, and did take a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce from the person and presence of another by force, violence, and intimidation, and did aid and abet each other in doing so." (Id.). The grand jury also charged the defendants with

a violation of 18 U.S.C. § 924(c) by using a firearm during the commission of the carjacking. (Id.).

On April 20th, 2007, Defendant Alvarez filed a series of motions seeking discovery materials, as well as requesting a bill of particulars. (See Docs. 47-52). Defendants Taffe, Lundy, Jones and Abreu joined in these motions. (See Docs. 92, 93, 98). We granted those motions for joinder. (See Doc. 95, 99). One June 6, 2007, the government filed a brief in opposition to defendants' motion. On October 24, 2007, the government filed a status report informing the court of the progress of certain discovery issues in the case, bringing the case to its present posture.

**Defendants' Motions**

Defendants have filed a series of motions, which we will address in turn.

**i. Motion for Discovery Pursuant to Federal Rule of Criminal Procedure 16 (Doc. 47)**

Defendants seek all information entitled them under Federal Rule of Criminal Procedure 16, including any statements of the defendants, information on their prior records, any documents and tangible objects in the government's possession or control which would be material to the preparation of defendants' cases or intended by the government for use at trial, any reports of physical or mental examinations and tests and the names of experts the government intends to call at trial. The government responds that it fully intends to comply with all required discovery and suggests that the parties hold a discovery conference to ensure that all required

information is provided the defendants.  The government argues that the motion should therefore be denied as premature.  The additional status report provided by the United States reveals that discovery information has been provided the defendants, but suggests that the court conduct a mandatory discovery conference to address any outstanding issues.

We will deny this motion as premature.  The government has apparently endeavored to provide all required materials, and we have no evidence that indicates that the United States has refused to provide the defense with the requested evidence.  We find that the best way to resolve any remaining discovery disputes is through a discovery conference, which we will schedule in the near future.

### ii. Motion for a Bill of Particulars (Doc. 48)

Defendants contend that the indictment does not describe with any particularity what any of the defendants did, but instead simply relates verbatim the crimes with which defendants are charged.  Defendants contend that such allegations, by not describing in any detail the "time, place, extent of injury, or the actions of various charged individuals, prevent them from being able to prepare their defenses and undermine the fairness of their trials."  (Defendants' Brief in Support of their motions (Doc. 57) at 8).  They also argue that they may be tried for the same crimes in the future because of the inadequacy of the indictment.  (Id.).  They therefore seek a bill of particulars which explains the specific allegations against

3

each defendant and the names of undisclosed and unidentified co-conspirators, aiders and abettors and others who were involved in the criminal acts for which defendants were indicted. Because the extent of such injuries are a factor in the guidelines under which they could be sentenced, defendants likewise seek information on the injuries sustained by the victim.

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars." "The purpose of a bill of particulars is 'to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described defense.'" United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2005) (quoting United States v. Addonizio, 451 F.2d 49 63-64 (3d Cir. 1972)). "When it appears that the indictment does not inform the defendant with sufficient particularity of the charges against which he will have to defend at trial, he is entitled to a bill of particulars." Singer v. United States, 58 F.2d 74, 76 (3d Cir. 1932). Such cases are limited, however, to cases where an indictment is so deficient that it "'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial.'" United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989). A bill of particulars is not designed as a discovery device: "[a] bill of particulars, like discovery, is not intended to provide the defendant with the fruits of the government's investigation . . . Rather, it is intended to give the defendant only that minimum amount of information necessary

to permit the defendant to conduct his own investigation." United States v. Smith, 776 F.2d 1104, 1112 (3d Cir. 1985).

We will deny defendants' motions for a bill of particulars. We find that the indictment makes defendants aware of the charges against them–that they violated two federal statutes in relation to a carjacking that occurred in Monroe County on February 3, 2007. Plaintiffs know the offenses for which they are charged, the place where the offenses occurred and the identities of their codefendants. From the indictment, the defendants know "'fully, directly and expressly, without any uncertainty or ambiguity . . . all the elements necessary to constitute the offence intended to be punished.'" Hamling v. United States, 418 U.S. 87, 117 (1974) (quoting United States v. Carll, 105 U.S. 611, 612 (1882)). Such information is adequate to inform defendants of the charges against them and allow them to conduct their own investigation of those charges. See United States v. American Waste Fibers Co., Inc., 809 F.2d 1044, 1047 (4th Cir. 1987) (holding that "it is incorrect to require . . . that the indictment must enumerate every possible legal and factual theory of defendants' guilt."). We also find that the indictment would not likely lead to a surprise at trial, since defendants are aware that they all face two felony charges, and the events that gave rise to those charges. Finally, defendants could not be charged twice for the same offense, since the indictment describes the date of the incident, the parties involved, and the crime for which defendants are charged.

### iii. Motion to Preserve Notes, Reports and Evidence (Doc. 49)

Defendants also request that the United States preserve any notes made by investigating officers, drafts of any reports, videotapes and drugs seized. The government reports that it has issued an order to preserve all such materials, and we will therefore grant the motion as uncontested.

### iv. Motion to Preserve Tapes of Police Interviews (Doc. 50)

Defendants seek preservation of tapes and/or transcripts of conversations at the Monroe County Correctional Facility, as well as recorded telephone conversations and interviews with defendants. The United States responds that it has instructed its agents to take such action. We will therefore grant that part of the motion as uncontested. The government also informs the court that it intends to provide all other material required by court precedent and the Jencks Act, 18 U.S.C. § 3500, at the times required by the law. We will therefore deny that part of the motion as premature.

### iv. Brady Materials (Doc. 51)

Defendants seek any potentially exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. The defendants request a variety of evidence, including statements by witnesses or participants favorable to defendants; the names and addresses of all witness favorable to the defense regardless of whether they have provided statements or the government plans to call them at trial; any evidence that could undermine the credibility or probative value of evidence the prosecution intends to use; information about any promises of immunity, preferential

6

treatment, leniency, payments or promises of payment given to Government witnesses; prior statements made by prosecution witnesses which are contrary to or cast doubt on their expected testimony; any material that contains exculpatory matter in control of the Government or to which the Government has access, including information about investigations in which a prospective witness was a cooperating witness; negative exculpatory statements; evidence showing bias on the part of a witness towards defendant or any evidence showing that witnesses lack of competency to testify; the criminal record and any record of accusations of crimes of *crimin falsi* on the part of potential witnesses; the results of any polygraph tests, along with questions and answers related to them; and affidavits of probable cause and criminal complaints against the defendants in Pennsylvania related to the incident, including inventories of items seized through search warrants.  (Motion for Production of Evidence Under the Brady Doctrine (Doc. 51) at § 2).  The United States, both in its response to the defendants' motion and in its status report, promises to turn over all Brady materials within three days of trial, as required by the Jencks Act.  As the United States has agreed to turn over the relevant material by an appropriate day, we will deny the instant motion as premature.

### v. Motion to File Additional Motions Upon Receipt of Discovery (Doc. 52)

Defendants seek permission from the court to file additional motions after receipt of discovery.  The United States agrees this request, and we will grant the motion as unopposed.

**Conclusion**

For the reasons stated above, we will grant defendants' motions in part and deny them in part. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | No. 3:07cr128 |
| | : | |
| | : | (Judge Munley) |
| | : | |
| **v.** | : | |
| | : | |
| **ERIC T. JONES,** | : | |
| **SHAMAR ANTHONY TAFFEE,** | : | |
| **MIGUEL A. ABREU,** | : | |
| **FREDDY RAFAEL ALAVARADO,** | : | |
| **STEPHEN LUNDY, and** | : | |
| **KEVONNE COOPER,** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 5th day of November 2007, defendants pre-trial motions (Docs. 47-52) are hereby **DENIED** in part and **GRANTED** in part, as follows:

1) Defendants' motion for discovery pursuant to Federal Rule of Criminal Procedure 16 (Doc. 47) is hereby **DENIED** as **PREMATURE**;

2) Defendants' motion for a bill of particulars (Doc. 48) is hereby **DENIED**;

3) Defendants' motion to preserve notes, reports and evidence (Doc. 49) is hereby **GRANTED**;

4) Defendants' motion to preserve police tapes (Doc. 50) is hereby **GRANTED**

insofar as it relates to recorded telephone conversations and interviews with defendants and **DENIED** as **PREMATURE** as to all other material required to be provided to the defendants pursuant to the Jencks Act, 18 U.S.C. § 3500;

5) Defendants' motion for the release of Brady materials (Doc. 51) is hereby **DENIED** as **PREMATURE**; and

6) Defendants' motion for leave to file additional motions upon receipt of discovery (Doc. 52) is hereby **GRANTED**.

            **BY THE COURT:**

            s/ James M. Munley
            **JUDGE JAMES M. MUNLEY**
            **United States District Court**